

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

---

| | | |
|---|---|---|
| JERRY and DEB SOHOLT, | : | 4:17-cv-_4025_ |
| Plaintiffs, | : | |
| vs. | : | PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL |
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, | : | |
| Defendant. | : | |

---

COMES NOW Plaintiffs Jerry and Deb Soholt, for their Complaint against Defendant American Family Mutual Insurance Company, state and allege as follows:

## Parties

1. Plaintiffs Jerry and Deb Soholt ("the Soholts") are, and at all relevant times were, residents of Sioux Falls, South Dakota.

2. Defendant American Family Mutual Insurance Company ("American Family"), is a Company organized, with its principal place of business, outside the State of South Dakota.

## Jurisdiction and Venue

3. This Court has jurisdiction under 28 U.S.C. § 1332, diversity of citizenship.

4. The damages at issue exceed $75,000.

## Statement of the Facts

5. The Soholts purchased a policy of homeowners' insurance from American Family, which was in effect before and after June 2014.

6. In June 2014, the Soholts' home was damaged in a hailstorm.

4:17-cv-_____
Plaintiffs' Complaint and Demand for Jury Trial

7. The June 2014 hailstorm caused extensive, widespread, functional, and visible damage to the Soholts' roof.

8. Hail damage is a covered cause of loss under the insurance policy sold by American Family to the Soholts.

9. The Soholts submitted a timely claim to American Family for the damage to the home caused by the June 2014 hailstorm.

10. Based on a report dated June 10, 2014, Heather Steffens, as an agent of American Family, inspected the Soholts' home.

11. American Family knew that approximately $30,000 would be needed to replace the shingles as a result of the June 2014 hailstorm.

12. The June 10, 2014 report claimed that there was "No storm related damages found to the roof of the home."

13. The June 10, 2014 report also wrongfully withheld money for the removal of the damaged gutters and hauling of debris based on "depreciation."

14. American Family has a systemic practice of limiting its payments to its insureds by failing to conduct a reasonable investigation and identifying an intentionally or recklessly low amount of benefits owed under the policy.

15. American Family limited the amounts paid under its home owners' policies in the Sioux Falls area due to the high number of hail claims related to the June 2014 hailstorm.

16. American Family knew or recklessly disregarded the fact that the shingles on the Soholts' roof were damaged in the June 2014 hailstorm.

17. American Family's purported investigation was not a reasonable investigation of the Soholts' claim.

18. American Family knew or recklessly disregarded that its investigation was biased in favor of American Family.

19. If American Family would have performed a reasonable investigation and/or evaluation of the Soholts' claim, it would have known that the Soholts' roof was damaged in the June 2014 hailstorm.

20. American Family had no reasonable basis to believe that the Soholts' roof was not damaged in the June 2014 hailstorm.

21. American Family received a September 9, 2015 report from an independent local roofing company establishing that the Soholts' roof was damaged in the June 2014 hailstorm and needed to be replaced as a result of that damage.

22. American Family refused to consider the information provided by the independent roofing company's September 9, 2015 report.

23. American Family knew that the roof needed to be replaced in order to properly fix the damage caused by the June hailstorm based on the inspection of his roof by an experienced local contractor, the severity of the June 2014 hailstorm, and the other similar homes in the area that had their roofs replaced as a result of the June 2014 hailstorm.

24. American Family then conducted another inspection of Soholts' roof in May 2016..

25. American Family refused to consider the additional information provided by the Soholts' experienced local roofer.

26. American Family knew or recklessly disregarded that the "reinspection" minimized the extent of the property damage in American Family's favor and against the Soholts.

27. The reinspection report confirmed the existence of damage to the Soholts' roof from the June 2014 hailstorm even though American Family's initial inspection claimed that there was no hail damage to the roof.

28. The reinspection report, however, claimed that there was minimal hail damage to the

4:17-cv-_____
Plaintiffs' Complaint and Demand for Jury Trial

Soholts' roof.

29. American Family, through Douglas Haller, sent the Soholts a letter on June 5, 2016, that relied exclusively on its reinspection and completely ignored the September 9, 2015 report from the Soholts' roofer.

30. American Family's June 5, 2016 letter claimed that $777.10 was an appropriate amount of money to fully repair the damage caused by the June 2014 hailstorm to the Soholts' roof.

31. American Family has a system-wide claims handling practice of limiting its payments to its insureds by failing to conduct a reasonable investigation at the outset and identifying an intentionally or recklessly low amount of benefits owed under the policy.

32. American Family has a system-wide claims handling practice of limiting its payments to its insureds by wrongfully withholding money from its insureds by misrepresenting what is properly considered "depreciation" to its insureds.

33. American Family's claims handling practices with regard to the Soholts' claim is another example of American Family not conducting a reasonable investigation of an insured's claim.

34. Other examples of American Family's illegal wrongful claims handling practices similar to those alleged in this complaint include *Haney v. American Family Mutual Family Insurance Company*, 4:16-cv-04113 (D.S.D. filed Aug. 11, 2016), *Neugebauer v. American Family Mutual Family Insurance Company*, 4:15-cv-04189 (D.S.D. filed December 14, 2015), and other pending claims by American Family insureds that are also related to the June 2014 hail storms.

35. American Family knew or recklessly disregarded that its agents' investigations of a claim are biased in favor of American Family.

36. American Family continues to refuse to pay the full amount owed under the policy that is needed to properly fix the Soholts' home for the damage caused by the June 2014 hailstorm.

4:17-cv-_____
Plaintiffs' Complaint and Demand for Jury Trial

37. American Family intentionally and recklessly continues with its pattern and practice of refusing to consider information establishing that the shingles on the Soholts' roof sustained extensive and widespread damage from the June 2014 hailstorm.

38. As a result of American Family's deny and delay tactics, water leaked into the interior of the Soholts' home.

39. Even after American Family learned of the water leaking into the interior of the Soholt's home, American Family still refused to pay any more than previously offered in its June 5, 2016 letter.

40. American Family has engaged in a pattern and practice of denying and delaying the payment of the full amount of benefits owed under the policy.

41. American Family had a duty to perform a reasonable investigation of the Soholts' claim.

42. Part of each premium American Family charges includes a portion for the expenses required to properly investigate claims.

43. American Family is required to conduct a reasonable investigation of an insured's claim.

44. A reasonable investigation requires the insurer to look for reasons to pay, and not just reasons not to pay.

45. In evaluating the Soholts' claim, American Family has a duty to give just as much consideration to the Soholts' interests as it gave to its interests.

46. American Family has a duty to assist the Soholts with identifying facts that support a payment that would fully fix the roof.

47. American Family had a duty to inform the Soholts of any information obtained during the investigation of the claim regardless of whether the information would result in an increase in the amount needed to fully fix the Soholts' home.

48. American Family could not eliminate its duties of good faith and fair dealing by delegating them to an agent.

49. American Family is responsible for the investigation and evaluation of the Soholts' claim by its agents.

50. American Family's claims handling process as described in this Complaint is designed to deny paying its insureds, including the Soholts, the full amount owed under the insurance policy.

51. American Family's claims handling process as described in this Complaint is designed to delay paying its insureds, including the Soholts, the full amount owed under the insurance policy.

52. As a result of American Family's claims handling process as described in this Complaint, the Soholts have been damaged as follows:

   a. The Soholts have been deprived of the benefits of the contract and of the timely fixing of their home depending on the current costs of materials and labor.
   b. The Soholts have experienced increased expenses, aggravation, fear, annoyance, frustration, distress, mental and emotion pain and suffering, and inconvenience due to the wrongful denial and delay of their claim.
   c. The Soholts have suffered additional property damage to their home.
   d. The Soholts were forced to retain a lawyer at their personal expense.

## Count I
### (*Breach of Contract*)

53. The Soholts reallege and restate paragraphs 1-52 of this Complaint and hereby incorporate them by reference as if fully set forth herein.

54. American Family has breached the contract of insurance with the Soholts by failing to pay the full amount of benefits owed under the policy in a timely manner.

4:17-cv-_____
Plaintiffs' Complaint and Demand for Jury Trial

## Count II
### (*Bad Faith*)

55. The Soholts reallege and restate paragraphs 1-54 of this Complaint and hereby incorporate them by reference as if fully set forth herein.

56. American Family is intentionally or recklessly utilizing a claims handling process designed to maximize its profits at its insureds' expense, including the Soholts.

57. American Family is intentionally or recklessly utilizing a claims handling process designed to delay the payment of benefits owed under the terms of the policy to its insureds, including the Soholts.

58. American Family is intentionally or recklessly utilizing a claims handling process designed to deny the full payment of benefits owed under the terms of the policy to its insureds, including the Soholts.

59. American Family is intentionally or recklessly withholding money from its insureds, including the Soholts, by misrepresenting what is properly considered "depreciation."

## Count III
### (*Punitive Damages*)

60. The Soholts reallege and restate paragraphs 1-59 of this Complaint and hereby incorporate them by reference as if fully set forth herein.

61. American Family acted with oppression, fraud, or malice, as established in this Complaint, and punitive damages are necessary and appropriate in order to punish and deter.

62. American Family has a demonstrable pattern and practice of conducting sham investigations of its insureds' weather-related property damage claims.

4:17-cv-_____
Plaintiffs' Complaint and Demand for Jury Trial

## Count IV
### (*Vexatious Refusal to Pay*)

63. The Soholts reallege and restate paragraphs 1-62 of this Complaint and hereby incorporate them by reference as if fully set forth herein.

64. American Family unreasonably and vexatiously refused to pay amounts owing under the policy, requiring the Court to award reasonable attorneys' fees as authorized under SDCL § 58-12-3.

## Requested Relief

Plaintiffs Jerry and Deb Soholt request the following relief:

1. That this Court enter judgment in their favor.

2. An award of damages plus prejudgment interest thereon.

3. An award attorneys' fees and costs as allowed by law.

4. Grant such other further relief as may be just and proper.

## Demand for Jury Trial

The Soholts demand a trial by jury with regard to any and all questions of fact pertaining to any and all claims asserted in the above-entitled matter.

Dated February 23, 2017.

FULLER & WILLIAMSON, LLP

_____
Derek A. Nelsen
Eric T. Preheim
7521 South Louise Avenue
Sioux Falls, SD 57108
(605) 333-0003
dnelsen@fullerandwilliamson.com
epreheim@fullerandwilliamson.com
*Attorneys for Plaintiffs*

8